UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| In re:<br><br>API SIGNS, LLC<br><br>Debtor. | Case No. 14-21635<br>Chapter 7 case, converted from Chapter 11 |
|---|---|

**FINAL REPORT OF DEBTOR AS DEBTOR IN POSSESSION
UPON CONVERSION OF CHAPTER 11 CASE TO CHAPTER 7 CASE
PURSUANT TO BANKRUPTCY RULE 1019(5)**

NOTE: The Final Report must be filed with the Clerk of Bankruptcy Court through the Court's Electronic Case Filing (ECF) system within 30 days of conversion. Prepare and attach separate exhibits where necessary.

**I. Cash**

(a) Cash balance on hand at date of conversion     $ 15,199.00[1]

(b) List the bank name and last four digits of account numbers where all of the cash held on conversion date was located.

North Community Bank, Ogden and Grand Avenue. This is the account of API Signs & Manufacturing, LLC.

(c) Is the cash balance on hand at conversion stated above subject to a security interest?    Yes

(f) If so, state the name and address of the secured creditor and the amount unpaid on the security agreement as of the date of conversion:

| Name and Address of Secured Creditor | Amount Unpaid |
|---|---|
| American Chartered Bank | To be determined |

---

[1] API Sign & Manufacturing, LLC will tender this sum to the Chapter 7 Trustee without prejudice to or waiver of any rights that API Sign & Manufacturing, LLC has or may have in these finds.

Page 2, Final Report of <u>API Signs, LLC</u>, Debtor Case #: <u>14-21635</u>

**II. Accounts Receivable**

(a) Total amount due the debtor from other entities or individuals on date the case was converted to a chapter 7 case.    $ <u>Unknown[2]</u>

(b) Is the account receivable balance stated above subject to a security interest?   <u>Yes, if any of the A/R are owned by the Debtor</u>

(c) If so, state the name and address of the secured creditor and the amount unpaid on the date of conversion on the security agreement:

| **Name and Address of Secured Creditor** | **Amount Unpaid** |
|---|---|
| American Chartered Bank | To be determined |

(d) Itemize below all accounts receivable due the debtor from other entities or individuals on the date that the case was converted to a chapter 7 case: <u>See exhibit attached hereto.</u>

| Name and address of customer | Kind of obligation | Date of obligation | Amount due debtor |
|---|---|---|---|
|  |  |  |  |

**III. Accounts Payable:** <u>See Debtor's Amended Rule 1019(5)(A) Schedule filed July 23, 2014 (Docket Entry No. 46) appended hereto ("Rule 1019 Statement").</u>

(a) Total unpaid debts incurred during chapter 11 case.  $<u>1,849.52</u>

(b) Itemize below all unpaid debts incurred during the chapter 11 case including unsecured debts, secured debts, taxes, wages, administrative expenses, etc, but not including any prepetition debts:

| Name and Address of unpaid creditors | Kind of debt | Date incurred | Amount unpaid |
|---|---|---|---|
| See Rule 1019 Statement |  |  |  |

---

[2] All of the work performed at 1756 Lake Street, Chicago, Illinois was performed by API Sign & Manufacturing, LLC; however, all account debtors were mistakenly invoiced with invoices entitled "API Signs, LLC." API Sign & Manufacturing, LLC is claiming ownership of all of the proceeds of the accounts receivable as property of API Sign & Manufacturing, LLC.

Page 3, Final Report of <u>API Signs, LLC</u>, Debtor Case #: <u>14-21635</u>

### III. Accounts Payable continued

| Name and Address of unpaid creditors | Kind of debt | Date incurred | Amount unpaid |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

### IV. Date that Matrix of Unpaid Creditors during the Chapter 11 case was filed:

<u>**July 23, 2014**</u>

Not later than 14 days after conversion of the case, a schedule of unpaid debts is to be filed. This schedule should be an appropriate matrix for mailing purposes containing the names and address of all unpaid entities since the commencement of the Chapter 11 case.

### V. Original Chapter 11 Assets

Itemize below the assets of the debtor other than cash or accounts receivable *on the date the petition was filed* that were disposed of during the chapter 11 case or that were retained but had a reduced or increased value on the date of conversion to the chapter 7 case:

| Description of asset | Value Scheduled in Schedules A and B | If diposed of, explain disposition | If retained, value on date of conversation |
|---|---|---|---|
| NONE | _____ | _____ | _____ |

### VI. New Chapter 11 Assets

Itemize below the assets of the debtor other than cash or accounts receivable that were acquired by the debtor during the chapter 11 case and that were disposed of during chapter 11 case or that were retained as assets on the date of conversion to a chapter 7 case. (Note: For individual debtors, this must include post-petition earnings. See 11 U.S.C. § 1115(a)(2)).

| Description of asset | Value Scheduled in Schedules A and B | If diposed of, explain disposition | If retained, value on date of conversation |
|---|---|---|---|
| NONE | _____ | _____ | _____ |

Page 4, Final Report of <u>API Signs, LLC</u>, Debtor Case #: <u>14-21635</u>

## VII. Executory Contracts and Unexpired Leases

(a) <u>Rejected:</u> List below the unexpired leases and other executory contracts that were rejected during the chapter 11 case, including the name and address of every other party to each contract, the obligations of each party under the contract and the description and value of property covered by the contract: <u>NONE</u>

(b) <u>New, assumed, or not rejected:</u> List below the unexpired leases and other executory contracts that were assumed or not rejected and the new executor contracts including leases that were entered into during the chapter 11 case, including the name and address of every other party to each contract, the obligations of each party under the contract and the description and value of property covered by the contract: <u>NONE</u>

## VIII. Payments to Insiders during the course of the Chapter 11 pendency

| Name | Amount | Purpose |
|---|---|---|
| <u>Daniela Bambulas</u> | <u>$346.00</u> | <u>Salary</u> |
| <u>Christopher Bambulas</u> | <u>$1,200.00</u> | <u>Salary</u> |

The Final Report above, consisting of four pages and <u>1</u> exhibit, has been prepared for or by the undersigned, who declares under penalty of perjury that the statements contained therein are true and correct to the best of my knowledge, information and belief.

Executed on: 7-25-14        Signed: *[signature]*
                            Print Name: Christopher Bambulas
                            Title: *[illegible]*

The debtor has reviewed this Final Report, consisting of four pages and <u>1</u> exhibit, and declares under penalty of perjury that the statements contained therein are true and correct to the best of my knowledge, information and belief.

Executed on: 7-25-14        Signed: *[signature]*
                            Print Name: Christopher Bambulas
                            Title: *[illegible]*

Executed on: _____    Signed: _____
                            Print Name: _____
                            Title: _____

4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | ) | Chapter 7 |
| --- | --- | --- |
|  | ) | Honorable Janet S. Baer |
| API Signs, LLC | ) | Case No. 14 – 21635 |
|  | ) |  |

### DEBTOR'S AMENDED RULE 1019(5)(A) SCHEDULE

Dated: July 23, 2014

The following is Debtor's schedule of all unpaid debts incurred after the filing of the Petition on June 10, 2014 and before conversion of the case on June 24, 2014, including the name and address of each holder of a claim.

| Date Debt Incurred | Amount of Debt | Holder of Claim | Purpose of Debt |
| --- | --- | --- | --- |
| 5/14/14-6/18/14 | $90.00 | Dr. Graphx<br>955 W. Lake Street<br>Chicago, IL 60607 | Office Equipment |
| 6/18/14-7/1/14 | $170.80 | Flood Brothers<br>PO Box 4560<br>Carol Stream, IL 60197 | Flood Disposal Unit |
| 6/10/14 | $640.62 | Peoples Gas<br>PO Box 19100<br>Green Bay, WI 54307 | Utility |
| 6/16/14 | $213.39 | ULine<br>Attn: Accounts Receivable<br>PO Box 88741<br>Chicago, IL 60680 | Office Equipment |
| 6/10/14 | $734.71 | Sprint<br>PO Box 4181<br>Carol Stream, IL 60197 | Telephone |

/

Ben Schneider (6295667)
**SCHNEIDER & STONE**
8424 Skokie Boulevard, Suite 200
Skokie IL 60077
Tel: (847) 933-0300
ben@windycitylawgroup.com

By: /s/ Ben Schneider
One of Its Attorneys